**UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY**

IN RE:                                               )
                                                     )
    ELIZABETHTOWN FAMILY CARE             )
    CLINIC, LLC                           )        CASE NO.  08-31544(1)(7)
                                                     )
                    Debtor(s)        )

## MEMORANDUM-OPINION

This matter comes before the Court on the Motion to Allow Claim of Administrative Expense and for Immediate Payment of Creditor Elizabethtown Health Center ("EHC"), the Objection to EHC's Motion by Trustee Robert Keats ("Trustee"), the Trustee's Objection to Proof of Claim No. 13 filed by EHC, and Trustee's Objection to Amended Proof of Claim No. 13 filed by EHC.  The Court **GRANTS IN PART AND DENIES IN PART** EHC's Motion to Allow Claim of Administrative Expense.  The Trustee's Objection to Amended Proof of Claim No. 13 is **OVERRULED.**  An Order incorporating the findings herein accompanies this Memorandum-Opinion.

## FACTS

EHC and Debtor, Elizabethtown Family Care Clinic, LLC ("Debtor") entered into a Lease Agreement for the lease of the Elizabethtown Health Center for a term of three years beginning March 24, 2006.  Pursuant to the terms of the Lease Agreement, Debtor was to pay EHC monthly rental in the amount of $3,100.50 due in advance on the first day of the month.

Debtor has been in default under the terms of the Lease Agreement regarding payment of rent from December 2007 forward.

On April 14, 2008, Debtor filed its Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code.

Debtor remained on the premises and Trustee conducted an auction of the Debtor's office and medical equipment on August 14, 2008.

On September 2, 2008, EHC filed its Motion to Allow Claim of Administrative Expense seeking an administrative expense in the amount of $15,502.50 pursuant to 11 U.S.C. §503(b)(1)(A).

## LEGAL ANALYSIS

EHC seeks payment of its administrative expense claim pursuant to 11 U.S.C. §503(b)(1)(A). The Trustee and EHC agreed at the hearing on this matter that EHC is entitled to an administrative claim. The amount of that claim, however, is in issue. EHC contends it is entitled to an entire month's rent for April 2008. The Trustee contends that since the Petition was filed on April 14, 2008, the April rent should be prorated. The Court agrees with Trustee.

EHC relies on In re Koening Sporting Goods, Inc., 203 F.3d 986 (6th Cir. 2000) in support of its claim. In re Koening adequately sets forth a trustee's duties with respect to payment of rent on an unexpired lease of nonresidential real property pending a debtor's decision to assume or reject the lease. In Koening, the debtor was required to pay a full month's rent in advance under the terms of a nonresidential real property lease, even though it rejected the lease on the second day of the month. Since the lease required payment on the first day of the month, the obligation to pay rent for the month arose on the first day of the month which was in the post-petition pre-rejection period. Therefore, 11 U.S.C. §365(d)(3) required payment of the full month's rent.

In the case at bar, the time period at issue is the first two weeks of April 2008, pre-petition and pre-rejection of the Lease Agreement. Since the Trustee did not seek to assume or reject the

Lease Agreement, it was deemed rejected 120 days following entry of the Order of Relief, or August 12, 2008, pursuant to 11 U.S.C. §365(d)(4).

The distinction between the case at bar and <u>Koening</u> is that the creditor in <u>Koening</u> sought, and the Sixth Circuit agreed, that the creditor was entitled to a full month's rent where the date of rejection of the unexpired lease on the non-residential real property occurred on the second day of the month. These dates were post-petition. Here, EHC misinterprets <u>Koening</u> when it states, "Moreover, in this circuit, no proration is required, that is, an entire month's rent must be paid, regardless of the fact that the debtor may have filed bankruptcy mid-month." EHC's Memorandum of Law in Support of Motion for Allowance and Immediate Payment of Administrative Claim of Creditor, Dkt. No. 54 at p. 3. This is incorrect. Even the quote from the treatise in EHC's Memorandum states that the Debtor's obligation to pay rental charges arises <u>after</u> the bankruptcy filing. <u>Id.</u>, citing <u>Commercial Landlord Rights to Post-Bankruptcy Rents</u>, Baldiga 2008.

This Court finds that Judge Howard's Opinion in <u>In re Black Diamond</u>, 2008 WL 4290846 (Bankr. E.D. Ky. 2008) is the more persuasive view. In that case, the court agreed with the majority of cases that hold that a debtor's obligation under a lease of non-residential real property should be prorated to cover the post-petition, pre-rejection period, regardless of the date the rent is billed. Even though the Lease Agreement in this case obligated Debtor to pay rent on the first day of the month, Debtor's actual date of filing and date of entry of the Order of Relief was April 14, 2008. Therefore, Trustee's obligation under 11 U.S.C. §365(d)(3) runs from April 14, 2008 to the date of the rejection of the Lease Agreement, August 12, 2008.

Finally, the Trustee abandoned his objection to the unsecured portion of EHC's Amended Proof of Claim No. 13. Accordingly, the objection is overruled.

## CONCLUSION

For all of the above reasons, the Court **GRANTS IN PART AND DENIES IN PART** the

Motion to Allow Claim of Administrative Expense and for Immediate Payment of Creditor

Elizabethtown Health Center.  The Objection to Elizabethtown Health Center's Amended Proof of

Claim No. 13 is **OVERRULED.**  The parties are to file an agreed order setting forth the amount of

EHC's allowed administrative expense in accordance with this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  December 18, 2008

## UNITED STATES BANKRUPTCY COURT
## FOR THE
## WESTERN DISTRICT OF KENTUCKY

IN RE:                                          )
                                                )
    ELIZABETHTOWN FAMILY CARE         )
    CLINIC, LLC                       )          CASE NO.  08-31544(1)(7)
                                                )
                       Debtor(s)           )

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Allow Claim of Administrative Expense and for Immediate Payment of Creditor, Elizabethtown Health Center, be and hereby is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Trustee's Objection to Elizabethtown Health Center's Amended Proof of Claim No. 13, be and hereby is **OVERRULED.**

                                        _____
                                        Joan A. Lloyd
                                        United States Bankruptcy Judge
                                        Dated:  December 18, 2008